UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SHAWN T. NASH,

                    Appellant,

        -against-                                    6:08-CV-006 (LEK)
                                                     6:08-CV-007 (LEK)


CARMEN GENTILE, SR., et al.

                    Respondents.
_____

## DECISION AND ORDER

On December 4, 2007, the Honorable Stephen D. Gerling of the United States Bankruptcy

Court for the Northern District of New York issued a decision and order sanctioning Shawn T.

Nash ("Nash") pursuant to 28 U.S.C. § 1927.  Sanctions Order (Dkt. No. 1, Attach. 2).  Nash

now appeals Judge Gerling's sanction.  The Court has jurisdiction pursuant to 28 U.S.C. § 158.

For the reasons set forth below, the sanction is affirmed.

I.      **Background**

On February 5, 2001, various Debtors initiated a bankruptcy proceeding by filing

voluntary petitions pursuant to Chapter 7 of the Bankruptcy Code.  At a hearing conducted on

April 26, 2001, the Trustee represented to the Bankruptcy Court that there was an allegation of

wrongdoing, and on July 24, 2002, the Trustee moved to appoint a Special Counsel to the

Trustee.  That motion was granted, and Nash was appointed Special Counsel to the Trustee on

August 15, 2002.  On April 5, 2004, an action was commenced in this District pursuant to the

Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. § 1961 et seq. ("District Court action").  On August 13, 2004, *inter alia*, the RICO claims were dismissed based on the four year statute of limitations.

On May 3, 2005, Nash filed two complaints in the Bankruptcy Court, alleging conversion, fraud, and breach of contract.  At a hearing held on motions to dismiss those complaints, Nash acknowledged the lack of specificity contained in the complaints, attributing it to a concern regarding the statute of limitations and arguing that he should be given an opportunity to establish equitable estoppel.  Nash agreed at that time that if, after deposing several individuals, he was unable to establish a factual basis for equitable estoppel, the causes of action alleged in the complaints would be time-barred.  On October 26, 2005, Judge Littlefield dismissed the complaints finding both (1) that they failed to state a cause of action based on their lack of specificity, and (2) that the actions were barred by the applicable statute of limitations. Judge Littlefield found that Nash had not met the burden of establishing a basis for equitable estoppel because there were no alleged actions by Defendants that prevented or delayed the Plaintiffs from pursuing their claims or any alleged representations by Defendants that caused Plaintiffs to not commence the adversary proceedings in a timely fashion.  Nash did not appeal the various orders that dismissed the complaints.

On December 19, 2006, Nash filed a motion for permission to amend the complaints.  In response, Defendants requested that the motion be denied and that sanctions be imposed pursuant to Fed. R. Bankr. P. 9011.  On May 14, 2007, Judge Littlefield denied Nash's motion to amend with prejudice, but noted that Defendants could make a separate motion for sanctions.  That

denial was based on (1) the delay of over one year between the dismissal of the complaints and the motions to amend the complaints and (2) a finding that the facts asserted in the motions still did not satisfy the requirements for equitable estoppel but merely provided more specificity to the facts alleged in the original complaints that had been dismissed based on the statute of limitations.

On July 11, 2007, the present Respondents moved for sanctions pursuant to Rule 9011, 28 U.S.C. § 1927, and the inherent powers of the court. On December 4, 2007, Judge Gerling issued the Sanctions Order, holding that Nash did not have a reasonable basis to seek equitable estoppel and that the sole reason for the expiration of the statute of limitations was the party's own negligence and failure to exercise due diligence. Judge Gerling concluded that the applicability of the doctrine of equitable estoppel was completely without merit, warranting sanctions pursuant to 28 U.S.C. § 1927, later determined to total $7,619. Nash now appeals Judge Gerling's decision.

## II.      Discussion

A.      Standard of Review

Orders issued by a bankruptcy court are subject to appellate review pursuant to Fed. R. Bankr. Proc. 8013. The district court reviews the bankruptcy court's findings of fact under a clearly erroneous standard, and any conclusions of law *de novo*. In re Momentum Mfg. Corp., 25 F.3d 1132, 1136 (2d Cir. 1994); PaineWebber, Inc. v. Gollomp (In re Gollomp), 198 B.R. 433, 436 (S.D.N.Y. 1996). "Deference is given to the original fact finder because of that court's expertise and superior position to make determinations of credibility." In re Gollomp, 198 B.R.

3

at 436; Fed. R. Bankr. P. 8013.  Under the clearly erroneous standard, a lower court's choice

between two permissible views of the facts cannot be held to be clearly erroneous.  <u>Anderson v.

City of Bessemer, N.C.</u>, 470 U.S. 564, 573 (1985); <u>In re Grant Assocs.</u>, 154 B.R. 836, 840

(S.D.N.Y. 1993).  "To be clearly erroneous, a decision must strike [the court] as more than just

maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a

five-week-old unrefrigerated dead fish."  <u>Parts and Elec. Motors, Inc. v. Sterling Elec., Inc.</u>, 866

F.2d 228, 233 (7th Cir. 1988), *cert. denied*, 493 U.S. 847 (1989).

  This court reviews the bankruptcy judge's award of sanctions pursuant to 28 U.S.C. §

1927 for an abuse of discretion.  <u>Matter of Cohoes Industrial Terminal, Inc.</u>, 931 F.2d 222, 227

(2d Cir. 1991).  28 U.S.C. § 1927 permits a bankruptcy court to impose sanctions upon an

attorney who "unreasonably and vexatiously" multiplies the proceedings.  A bankruptcy court

may impose sanctions pursuant to 28 U.S.C. § 1927 if it finds that "the attorney's actions are so

completely without merit as to require the conclusion that they must have been undertaken for

some improper purpose such as delay."  <u>State Street Bank and Trust Co. v. Inversiones Errazuriz

Limitada</u>, 374 F.3d 158, 180 (2d Cir. 2004).

B.  The Bankruptcy Court's Decision

  Judge Gerling determined that the central issue on the sanctions motion was "whether the

defense of equitable estoppel had any merit when Nash sought to amend the complaints, which

had previously been dismissed."  Sanctions Order at 15 (Dkt. No. 1, Attach. 2).  Judge Gerling

found that, by denying the motions to amend the complaints, Judge Littlefield had "obviously

found no merit to Nash's argument that equitable estoppel applied."  <u>Id.</u> at 15-16.

4

In analyzing the motions to amend, Judge Gerling was "at a loss to find a reasonable basis for Nash having filed the motions." Id. at 16.  He found that Nash (1) had not alleged any active steps taken by Defendants to prevent him or the Trustee from timely commencing the adversary proceedings; (2) had not established that there was even any actual and reasonable reliance on some fraud and/or misrepresentations that caused Nash not to timely commence the adversary proceedings; and (3) did not establish that even had he exercised due diligence, he would not have become aware of the causes of action within the applicable limitation period because of the Defendants' fraud and/or misrepresentation.  Id. at 16-17.

Judge Gerling reviewed the facts of the case, coming to the conclusion that the Trustee knew of the possibility of conversion possibly as early as April 2001 and certainly by July 2002 and that there was nothing preventing Nash from commencing the adversary proceeding on behalf of the Trustee in August 2002 when he was first appointed.  Accordingly, the statute of limitations for fraud and conversion expired because of Nash's negligence and failure to exercise due diligence rather than because of any wrongful acts by the Respondents.

The Court agrees with these conclusions.  The Court finds that Judge Gerling's findings of fact are not clearly erroneous, and that the award of sanctions was not an abuse of discretion.  Nash's motions to amend were without merit, and his delays--in letting the statute of limitations expire and in waiting over one year to bring the meritless motion to amend the complaints--are inexcusable.  Nash had already been alerted that the claims did not establish equitable estoppel, and then attempted, without sufficient grounds, to make the same claims, albeit with more specificity, in the motions to amend.  He now attempts to make them again in his appeal.  Judge

5

Gerling therefore did not abuse his discretion in awarding sanctions under 28 U.S.C. § 1927 because the motions to amend "unreasonably and vexatiously" multiplied the proceedings. Nash's actions in filing the meritless motions, especially when considering the 13 month delay in their filing, "require the conclusion that they must have been undertaken for some improper purpose such as delay." Inversiones Errazuriz Limitada, 374 F.3d at 180.

**III.     Conclusion**

Accordingly, it is hereby

**ORDERED**, that the Memorandum-Decision, Findings of Fact, Conclusions of Law and Order of the Bankruptcy Court filed on December 4, 2007 imposing sanctions on Appellant Shawn Nash is **AFFIRMED**; and it is further

**ORDERED**, that the above-listed appeals are **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

DATED:     Aug 06, 2008
           Albany, New York


Lawrence E. Kahn
U.S. District Judge

6